## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

TEXTRON FINANCIAL CORPORATION,

                Plaintiff,

-vs-                                              Case No. 2:09-cv-72-FtM-99SPC

CAPE REGAL YACHT CENTER, LLC, a Florida
limited liability company, ROBERT O. SAYLER,
WALTER BALDO, and PATRICIA F. BALDO,,

                Defendants.
_____/

## ORDER

      This matter comes before the Court on Defendants' Claim of Exemption, Motion to Dissolve Writs of Garnishment, and Request for Hearing (Doc. #56) filed on October 22, 2010. Plaintiff obtained a writ of garnishment directed to Bank of America in relation to Defendant Walter Baldo's accounts. In his Motion, Baldo claims that the sums held in the accounts that were garnished were subject to exemption from garnishment as retirement or pension money and social security disability benefits. Baldo moves to dissolve the writ and set a hearing in relation to his claim of exemption.

      On October 27, 2010, Plaintiff filed a response in opposition to the claim of exemption (Doc. #57), informing the Court that it has served Baldo with a Request for Production and Interrogatories seeking documents and information related to Baldo's claim of exemption. Pursuant to Fla. Stat. § 77.041(3), Plaintiff also filed a sworn statement of Larry Frye, a recovery specialist for Plaintiff, objecting to Baldo's claim of exemption and stating that Baldo has not provided any records in support of his claim that "the $30,557.08 in Bank of America account # xxxxxxxx8875 and the

$3,208.48 in Bank of America account # xxxxxxxx8049 of Walter Baldo are retirement or pension money and social security disability benefits." (Doc. #58).

Because there are outstanding discovery requests that have been served on Baldo, the Court believes that postponing the hearing on the claim of exemption to allow Baldo time to respond to the requests and provide documentation requested by Plaintiff would be the most prudent course of action.  Defendant is advised that he bears the burden of proof at the hearing in regard to his claim of exemption under applicable Florida law and must provide documentation in support of his claim. Cullen v. Marsh, 34 So.3d 235, 242 (Fla. 3d DCA 2010).

Accordingly, it is now

**ORDERED:**

Ruling is **DEFERRED** on Defendants' Claim of Exemption, Motion to Dissolve Writs of Garnishment, and Request for Hearing pending a hearing on this matter.  Defendant Walter Baldo shall respond to Plaintiff's Request for Production and Interrogatories and provide all documents requested on or before **November 15, 2010.**  The Court will set a hearing in this matter for **November 30, 3010 at 9:30 a.m.**  The Parties may move for an extension of these deadlines if needed.  Defendant Walter Baldo and counsel for Plaintiff must be present.

**DONE AND ORDERED** at Fort Myers, Florida, this ___28th___ day of October, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record